**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cr-40018-TC

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

JOSHUAH BLAKE,

*Defendant*

———————

**MEMORANDUM AND ORDER**

A grand jury indicted Joshuah Blake for one count of possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Doc. 1. Blake moves to dismiss the indictment on the grounds that Section 922(g)(1) violates the Second Amendment and the Commerce Clause. Doc. 14. For the following reasons, his motion is denied.

**I**

**A**

Federal Rule of Criminal Procedure 12 generally permits pretrial resolution of motions asserting "any defense, objection, or request" that can be determined "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A defendant may move to dismiss an indictment under Rule 12(b) for several reasons, including failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). On such a motion, "the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) and *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). If the government is incapable, as a matter of law, of proving its case beyond reasonable doubt based on facts

1

in the indictment or the undisputed facts, dismissal is proper. *United States v. Chavez*, 29 F.4th 1223, 1226 (2022).

These rules also apply where the defendant mounts an as-applied constitutional challenge to his indictment. The challenge must not require a trial on the merits to determine the constitutional objection and the "legal adequacy of an indictment must be analyzed solely on the basis of the factual allegations contained in the indictment." *United States v. Pope*, 613 F.3d 1255, 1258 (10th Cir. 2010) (holding that a constitutional objection under 12(b) based on *District of Columbia v. Heller* could not be resolved pretrial). When facts outside the indictment or a set of agreed facts would assist in determining the validity of the defendant's claim, Rule 12 does not permit disposition before trial. *Id.* at 1259 (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)). But if the challenge requires a court "to answer only pure questions of law," pretrial disposition is appropriate. *Id.* at 1260.

### B

A grand jury indicted Joshuah Blake for one count of possession of a firearm by a prohibited person under 18 U.S.C. § 922(g)(1). Doc. 1. Blake is a "prohibited person" because he was convicted of "possession with intent to distribute a controlled substance, in violation of K.S.A. 65-4105," a felony. *Id.* He moves to dismiss the indictment on the grounds that Section 922(g)(1) violates the Second Amendment and, alternatively, the Commerce Clause. Doc. 14 at 1–2.

## II

Binding Tenth Circuit precedent has rejected the two constitutional arguments that Blake is making. As a result, Blake's motion to dismiss is denied.

### A

The Second Amendment protects an individual's right to keep and bear arms. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). But this right "is not unlimited." *Id.* As a result, the Second Amendment presents no constitutional impediment to many of the federal government's longstanding prohibitions on firearm ownership. *Id.* at 636.

The Indictment charges Blake with violating one such prohibition, 18 U.S.C. § 922(g)(1). Doc. 1 at 1. Section 922(g)(1) makes it illegal

"for any person…who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce…any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Or, put more simply, Section 922(g)(1) criminalizes firearm possession by felons.

In *United States v. McCane*, the Tenth Circuit held that Section 922(g)(1) does not violate the Second Amendment. 573 F.3d 1037, 1047 (10th Cir. 2009). The Supreme Court revisited the scope of the Second Amendment in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*. 597 U.S. —, 142 S. Ct. 2111 (2022). Doc. 20 at 2. To resolve *Bruen*, the Supreme Court clarified the relevant constitutional inquiry. First, a court asks whether the Second Amendment's plain text covers an individual's conduct. *Id.* at 2126. If it does, a court then asks whether the government has shown that its ban is consistent with the nation's "historical tradition of firearm regulation." *Id.* The *Bruen* test arose after the Supreme Court decided *Heller* and the Tenth Circuit decided *McCane*. So Blake expressly argues that *Bruen* displaced *McCane* and that under *Bruen*'s formulation of the test, Section 922(g)(1) is unconstitutional as applied to him. Doc. 14 at 23 ("This motion asks the Court to subject [Section] 922(g)(1) to a proper Second Amendment analysis and find it unconstitutional notwithstanding *United States v. McCane*.").

The Tenth Circuit rejected this argument in *Vincent v. Garland*. 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit clarified that "the emergence of a new test doesn't necessarily invalidate [the Tenth Circuit's] earlier precedent." *Id.* at 1200. And although "*Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons." *Id.* Section 922(g)(1) is one such ban. "*McCane* squarely upheld the constitutionality of [Section 922(g)(1)]." *Id.* at 1202. Since *Bruen* did not "indisputably and pellucidly abrogate" the Tenth Circuit's "precedential opinion in *McCane*," that opinion remains the controlling law.

Under *McCane*, as reaffirmed by *Vincent*, the Indictment presents no Second Amendment issue. Section 922(g)(1) is constitutional as applied to Blake.

## B

Blake also argues that Section 922(g)(1) violates the Commerce Clause. Doc. 14 at 28. The Tenth Circuit has repeatedly addressed and rejected this argument. *Id.*; *see, e.g.*, *United States v. Campbell*, 603 F.3d 1218, 1221 n.1 (10th Cir. 2010). As Blake concedes, lower courts in the Tenth Circuit are "bound by…precedent to deny" motions challenging Section 922(g)(1) on Commerce Clause grounds. Doc. 14 at 28. He therefore acknowledges making a Commerce Clause argument only "for preservation purposes." *Id.* Since controlling Tenth Circuit precedent establishes that Section 922(g)(1) does not conflict with the Commerce Clause, Blake's contrary argument must fail. *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006); *accord United States v. Phelps*, No. 23-3012, 2023 WL 5527951, at *1 (10th Cir. Aug. 28, 2023).

## III

For the foregoing reasons, Blake's Motion to Dismiss, Doc. 14, is DENIED.

It is so ordered.

Date: October 23, 2023              s/ Toby Crouse
                                                              Toby Crouse
                                                              United States District Judge